BRETT L. TOLMAN, U.S. Attorney (#8821)
AMY J. OLIVER, Assistant U.S. Attorney (#8785)
Attorneys for the United States of America
185 South State Street, #300
Salt Lake City, Utah 84111
Telephone: (801) 325-3319
Email: amy.oliver@usdoj.gov
Associated Local Counsel

Mary Jo O'Neill   Az #005924 (Pro Hac Vice)
Sally C. Shanley AZ# 012251 (Pro Hac Vice)
P. David Lopez, DC # 426463 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5016
Email:  mary.oneill@eeoc.gov
          sally.shanley@eeoc.gov
          patrick.lopez@eeoc.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, | |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY TRIAL DEMAND** |
| Honks, Inc., d/b/a Honks 1$ Store, | |
| Defendant. | |

### NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation

and to provide appropriate relief to Marti Hall and a class of females who were adversely affected by such practices. Ms. Hall and other female employees were discriminated against by Defendant when they were sexually harassed. In addition, Ms. Hall was retaliated against because she complained about and opposed the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were, and are now being committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, defendant Honks, Inc. d/b/a Honks $1 Store (Defendant or Honks) has continuously been an Idaho corporation doing business in the State of Utah and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Marti Hall filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2006, Defendant has engaged in unlawful employment practices at its Layton, Utah facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e–2(a), subjecting Ms. Hall and a class of female employees to sexual harassment. The sexual harassment included, but is not limited to, the sexual harassment by a Honks employee on a job applicant.

8. Since at least March 2006, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant's retaliatory conduct included, but was not limited to, its refusal to consider Ms. Hall's application for employment following her complaint to the police department about a sexual assault in one of its stores.

9. The effect of the practices complained of in paragraphs 7-8 above has been to deprive Ms. Hall and a class of females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and in retaliation for opposing practices made unlawful by Title VII.

10. The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

11. The unlawful employment practices complained of in paragraphs 7-8 were done with malice or with reckless indifference to the federally protected rights of Ms. Hall and a class of females.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in sexual harassment, retaliation and any other employment practice which discriminates on the basis of sex or retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose unlawful employment discrimination, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Hall and a class of females by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, their rightful place reinstatement.

D. Order Defendant to make whole Ms. Hall and a class of females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment

practices described above, in amounts to be determined at trial.

      E.      Order Defendant to make whole Ms. Hall and a class of females by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay Ms. Hall and a class of females punitive damages for their malicious and/or reckless conduct, described in paragraphs 7-8 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

-6-

RESPECTFULLY SUBMITTED this 28th day of February, 2008.

| | |
|---|---|
| Brett L. Tolman<br>United States Attorney | Ronald Cooper<br>General Counsel |
| | James L. Lee<br>Deputy General Counsel |
| *s/Amy J. Oliver*<br>Amy J. Oliver<br>Assistant U.S. Attorney | Gwendolyn Young Reams<br>Associate General Counsel |
| Associated Local Counsel for Plaintiff | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C.  20507 |
| | Mary Jo O'Neill<br>Regional Attorney |
| | Sally C. Shanley<br>Supervisory Trial Attorney |
| | *s/P. David Lopez*<br>P. David Lopez<br>Trial Attorney |
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Phoenix District Office<br>3300 N. Central Ave., Suite 690<br>Phoenix, Arizona  85012<br>(602) 640-5016 |
| | Attorneys for Plaintiff |